RECEIVED MAR 2 7 2006 OFFICE OF U.S. DISTRICT JUDGE BRUCE S. JENKINS

FILED U.S. DISTRICT COURT
2006 MAR 29 P 2: 30
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PATRICIA A. SPERRY, | ) |
| Plaintiff, | ) Case No. 2:04-CV-00632 BSJ |
| v. | ) **MEMORANDUM DECISION** |
| | ) **AND ORDER** |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) Hon. Bruce S. Jenkins |
| Defendant. | ) |

Before the court is an action filed by Patricia A. Sperry ("Plaintiff"), asking the court to reverse the final agency decision denying her application for Disability Insurance Benefits and Child's Insurance Benefits ("DIB") under Title II of the Social Security Act. See 42 U.S.C. §§ 401-433 (2005). Plaintiff's application was denied because the Administrative Law Judge ("ALJ") found that as of December 31, 1989, the date Plaintiff was last insured for DIB, she was unable to return to her past relevant work, but was capable of making an adjustment to work that exists in significant numbers in the national economy, and therefore was not disabled. Plaintiff now challenges the ALJ's decision claiming that it is not supported by substantial evidence and is legally erroneous.

After examining the parties' memoranda and holding oral argument, the court concludes that the ALJ's decision is supported by substantial evidence and is not legally erroneous. As a result, the ALJ's decision is affirmed.

## BACKGROUND

Plaintiff applied for DIB in May 1998, alleging an inability to work since October 18, 1980, due to Hodgkin's disease, emotional conditions, Epstein-Barr virus, and fatigue (The Certified Copy of the Transcript of the Entire Record of the Administrative Proceedings Relating to Patricia A. Sperry

(hereafter referred to as "Tr. __")), (Tr. 37, 44). Plaintiff's claim was denied at the initial and reconsideration levels of administrative review (Tr. 24-25, 30-32). Plaintiff then requested a hearing before an ALJ which was held on August 2, 2000 (Tr. 57, 33, 395-448).

In his January 26, 2001 decision, the ALJ denied Plaintiff's claim, finding that, on or before October 15, 1984, Plaintiff's 22nd birthday, or December 31, 1989, the date she was last insured for benefits on her own earnings record, Plaintiff could not return to any past relevant work, but was able to perform a significant number of jobs that exist in the national economy (Tr. 9-21). The Appeals Council denied Plaintiff's subsequent request for review (Tr. 5-7), making the ALJ's decision the Commissioner's final decision. See 20 C.F.R. § 404.981.

On July 14, 2004, after receiving the Appeals Council's denial of her request for review, Plaintiff filed this action (File Entry # 3), seeking to vacate or reverse the Commissioner's decision (File Entry # 22).

## STANDARD OF REVIEW

The court reviews the Commissioner's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). The findings of the Commissioner, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. 405(g) (2005).

"Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2003); see also Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003; Qualls v. Apfel, 206 F.3d 1368, 1371 (10th Cir. 2000). "'Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion.'" Grogan, 399 F.3d at 1261-1262 (quoting Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992)); see also O'Dell v. Shalala, 44 F.3d 855,

858 (10th Cir. 1994) ("Evidence is insubstantial if it is overwhelmingly contradicted by other evidence."); Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992) ("A finding of 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'") (Citations omitted.)).

In conducting its review, the court must "examine the record closely to determine whether substantial evidence supports" the Commissioner's decision. Winfrey v. Chater, 92 F.3d 1017, 1019 (10th Cir. 1996). However, the court may "'neither reweigh the evidence nor substitute [its] judgment for that of the agency.'" White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001) (citation omitted); see also Grogan, 399 F.3d at 1262 (noting that although the court does not reweigh the evidence, it must meticulously examine the record as a whole to determine if the substantiality test has been met).

The court's review also extends to determining whether the Commissioner applied the correct legal standards. See Qualls, 206 F.3d at 1371. Reversal may be appropriate where the Commissioner uses the wrong legal standards or the Commissioner fails to demonstrate reliance on the correct legal standards. See Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993; Andrae v. Sec'y of Health and Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993).

## ANALYSIS

Plaintiff claims that the ALJ erred in not giving sufficient weight to the retroactive opinion of Plaintiff's physician and in not finding Plaintiff credible. The court examines each of these arguments in turn.

3

### A. The ALJ Properly Evaluated Dr. Beales' Opinion

The court first turns to Plaintiff's claim that the ALJ did not properly evaluate Dr. Beales' opinion. In August, 2000, Dr. Beales opined that Plaintiff had chronic fatigue syndrome at age 16 which resulted in disabling functional limitations thereafter (Tr. 375-78).

The ALJ did not accept Dr. Beales' opinion because the record did not contain any medical records from Dr. Beales. A treating physician's opinion may be rejected when the treating physician's office notes do not support his later-expressed opinion that a claimant was totally disabled. See Castellano v. Sec'y of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994). Here, the ALJ correctly found that Dr. Beales' opinion was not supported by other medical evidence. Rather than requiring ongoing treatment for symptoms compatible with chronic fatigue syndrome after contracting mononucleosis at age 16, Plaintiff's symptoms greatly improved with medications within two weeks, such that she was able to travel to California (Tr. 314, 317). She required no further treatment. Similarly, Plaintiff had difficulties adjusting to college life and testing showed irritable bowel syndrome in 1982 (Tr. 322-23), but required no treatment thereafter. In fact, instead of ongoing, disabling impairments, the medical record fails to establish that Plaintiff received any medical treatment from January 1982 to 1993.

Contemporary medical reports show that Plaintiff was not diagnosed with Epstein Barr or chronic fatigue syndrome until January, 1993 (Tr. 176, 220, 262, 272, 325). Plaintiff informed Dr. Moore in January, 1994 that she was healthy prior to May, 1993 (Tr. 172), told Dr. Beck in January 1994 that her symptoms of progressive fatigue began in May, 1993 (Tr. 175), and was described by Dr. Beck as having an unremarkable medical history prior to contracting Hodgkin's disease in 1993 (Tr. 192). In February, 1999, Plaintiff told Dr. Blumenthal that "in 1995 she could dance, hike, and was quite active" (Tr. 264). After reviewing Plaintiff's medical records, Dr. Dusoe stated that he did

4

not believe Plaintiff became disabled until 1993 (Tr. 274-75), Dr. Moore concluded that Plaintiff's records failed to establish the existence of a mental impairment during the period October 18, 1980, through December 31, 1989 (Tr. 301), and Dr. Pearson testified that Plaintiff did not have a disabling medical condition of any kind during the period at issue (Tr. 405, 407). Finally, during the period Plaintiff alleged that she was totally disabled she took, and received passing grades in, college courses in swimming, skiing, tennis, yoga, dance, and fitness (Tr. 163, 165-66, 168-69).

Because a treating physician's report may be rejected if it is brief, conclusory and unsupported by medical evidence; inconsistent with a claimant's activities; and inconsistent with other medical opinion evidence, the ALJ in this case properly discounted Dr. Beales' August, 2000 opinion. It was inconsistent with Plaintiff's own statements to physicians closer in time to the period at issue, contradicted by the medical evidence regarding the onset of Plaintiff's fatigue, inconsistent with her activities during that period, and contradicted by the opinions of Drs. Dusoe, Moore, and Pearson. Moreover, while retrospective opinions are not prohibited, opinions which are remote in time from the circumstances they seek to describe are of little value. See Potter v. Sec'y of Health & Human Servs., 905 F.2d 1346, 1348-49 (10th Cir. 1990) (a retrospective diagnosis several years after the time at issue would be of very limited utility). Lastly, Dr. Beales relied on Plaintiff's diaries to make his diagnosis and conclusions, and opinions based on a claimant's subjective complaints may be rejected. See White, 287 F.3d at 907-08 (as various notes by treating physician stating claimant unable to return to work did not indicate that they were the product of an examination ALJ properly rejected treating physician's assessment as based on claimant's subjective assertions rather than objective medical evidence).

Therefore, the court concludes that the ALJ properly evaluated and rejected Dr. Beales' opinion.

## B. The ALJ Properly Assessed Plaintiff's Credibility

Plaintiff also challenges the ALJ's determination that Plaintiff's complaints of disabling pain and limitation were not credible. Plaintiff's argument rests on her assertion that the ALJ improperly rejected her treating physician's opinion. Because the court rejected Plaintiff's argument challenging the ALJ's rejection of Dr. Beales' opinion, the court also rejects Plaintiff's argument challenging the ALJ's credibility determination.

The ALJ correctly determined that Plaintiff's allegations are not supported by medical findings as the medical evidence from the period at issue, October 18, 1980, through December 31, 1989, shows only minor, remediable complaints. Plaintiff's testimony that these medical conditions were somehow disabling, and remained disabling to the present, is contradicted by the medical record from the period at issue. Notably, the record shows that Plaintiff's mononucleosis responded to two weeks of medication (Tr. 314, 317), and that she did not require medical treatment for that condition thereafter. Similarly, Plaintiff had adjustment problems with college life, but was not referred for mental health treatment (Tr. 322-24) and did not receive such treatment through the date she was last insured for benefits. In fact, her low dosage of antidepressant medication was subsequently reduced (Tr. 324). Although Plaintiff received a diagnosis of irritable bowel syndrome in early 1982 (Tr. 323), she did not require further medical treatment for that condition during the period at issue. The medical record fails to document that Plaintiff required medical treatment of any kind from 1982 to 1993. It is reasonable to assume that Plaintiff would not have gone seven years without medical treatment if experiencing serious medical conditions. In addition, none of Plaintiff's treating physicians placed restrictions on her activities during the period at issue and the absence of contemporary restrictions on activities supported the ALJ's finding that Plaintiff's subjective complaints were not credible. Moreover, Plaintiff reported to treating physicians in 1994 that she was healthy and had experienced

6

fatigue only since May, 1993 (Tr. 172, 175-76, 192, 203), and stated in 1999 that she could "dance, hike, and was quite active" through 1995 (Tr. 264).

Although Plaintiff takes issue with the ALJ's estimation of Plaintiff's course load while she was in college during the period at issue, Plaintiff testified that she was also working while going to college (Tr. 421-23, 426). Even if taking a lesser course load, Plaintiff was capable of greater activity than alleged in her testimony. When part-time work is added to even reduced college work, the discrepancy between Plaintiff's testimony and her activities is more pronounced. Further, when Plaintiff's successful participation in college courses like swimming, skiing, tennis, yoga, dance, and fitness (Tr. 163, 165-66, 168-69) is also added, the discrepancies between her testimony and her documented activities fully supports the ALJ's credibility determination.

Accordingly, the ALJ reasonably explained the basis for his credibility finding, and his finding is supported by the record.

## CONCLUSION

Based on the above analysis, the court concludes that the ALJ's decision that Plaintiff was not disabled prior to December, 1989 is supported by substantial evidence and is not legally erroneous. As a result, **THE COURT HEREBY ORDERS** that Plaintiff's request for reversal or remand is **DENIED** and the Commissioner's decision is **AFFIRMED**.

DATED this ___ day of March, 2006.

BY THE COURT:

_____
Honorable Bruce S. Jenkins
United States District Judge

Approved as to form:

_____
RANDY M. LISH
Attorney for Plaintiff

7